Arthur M. Kahn, Esq. Town Attorney, Rochester
You have asked whether one person may hold simultaneously the two positions of town zoning inspector and member of the town planning board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Under your town zoning law a zoning permit must be issued by the zoning inspector prior to any building construction or change in land use (Local Law, § 9.2-1). An application for a zoning permit is required to be filed including a plot plan and such other information as may be required by the zoning inspector to determine compliance with the town zoning law (id., § 9.2-2). The zoning inspector then reviews the application for compliance with the town zoning law and must notify the applicant of any procedures required to be taken to obtain the permit (id., § 9.2-4). The zoning inspector is required to issue a zoning permit upon the completion by the applicant of all necessary action (ibid.).
The planning board has responsibility for the development of the master plan which forms the basis for the development of the town (Town Law, § 272-a); if authorized by the town board, advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a) and subdivision plans (id., § 276).
Under your local zoning law, the zoning inspector, upon review of an application for a zoning permit, is required to notify the applicant of the procedures required to be taken to obtain the permit. For example, where applicable, the zoning inspector would refer an application to the planning board for site plan or subdivision approval. Once the required approvals have been granted by the planning board and all other provisions of the zoning law have been met, the zoning inspector is required to issue a zoning permit.
We see no incompatibility in one individual holding simultaneously these two positions. The zoning inspector simply refers matters within the jurisdiction of the planning board to that body. In making this referral, he exercises no discretion but simply follows the dictates of the local zoning law granting to the planning board jurisdiction over these matters. Once the planning board, for example, approves the site plan or subdivision application and assuming that all other requirements are met, the zoning inspector is required to issue a zoning permit. He has no authority to review the decision of the planning board. We see no inconsistency in the functions and duties of these two positions.
You have brought to our attention a provision of your local zoning law providing that where the planning board fails to act upon an application within a certain time period, the zoning inspector is required to deem the application approved. Since in this situation, the local law requires a particular result without any exercise of discretion by the zoning inspector, we see no potential for conflict.
We conclude that one person may hold simultaneously the two positions of town zoning inspector and member of the planning board. These positions are not incompatible.